UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIE JORDAN,<br><br>             Petitioner,<br><br>     vs.<br><br>DANIEL PARAMO,<br>WARDEN,[1]<br><br>             Respondent. | Case No. CV 13-9088-JGB (DTB)<br><br>ORDER TO SHOW CAUSE |

On December 9, 2013, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Pet.") herein along with a 36-page attachment ("Pet. Att.") thereto. The Petition purports to be directed to a 1992 conviction sustained by petitioner in Los Angeles County Superior Court. (See Pet. at ¶¶ 1-2.) Petitioner purports to be raising five grounds for relief. (See Pet. at ¶ 8.)

/ / /

/ / /

/ / /

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Daniel Paramo, the Warden of R. J. Donovan Correctional Facility, in San Diego, California, where petitioner currently is incarcerated, is hereby substituted as the proper respondent in this case.

1

Based on its review of the Petition, as well as information derived from the California Appellate Courts website,[2] it appears to the Court that the Petition is, at a minimum, unexhausted. Accordingly, on or before **March 10, 2014,** petitioner is ORDERED to show cause in writing (if any he has) why the Court should not recommend that this action be dismissed without prejudice for failure to exhaust petitioner's available state remedies.

## THE TIME BAR ISSUE

Initially, the Court considers whether the instant Petition is untimely. Since this action was filed after the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") on April 24, 1996, it is subject to the AEDPA's one-year limitation period, as set forth at 28 U.S.C. § 2244(d). See Calderon v. United States District Court for the Central District of California (Beeler), 128 F.3d 1283, 1287 n.3 (9th Cir. 1997).[3] 28 U.S.C. § 2244(d) provides:

> "(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A)   the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

/ / /

/ / /

/ / /

---

[2] http://appellatecases.courtinfo.ca.gov/index.html

[3] Beeler was overruled on other grounds in Calderon v. United States District Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc).

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

  From a review of the Petition, as well as the California Appellate Courts website, it appears that petitioner appealed the underlying judgment of conviction to the California Court of Appeal, which subsequently affirmed the judgment on April 13, 1994. Petitioner failed to petition the California Supreme Court for review of the Court of Appeal decision on direct appeal. (See Pet. at ¶ 4.) Under the relevant California Rules of Court, his time for doing so lapsed 40 days after the April 13, 1994 filing of the Court of Appeal decision. See Cal. R. Ct. 8.264(b)(1) [formerly 24(b)(1)] and 8.500(e)(1) [formerly 28(e)(1)]. Since petitioner's judgment of conviction became final on May 23, 1994, a date which was prior to the enactment of the AEDPA, the statute of limitations commenced on the day after the AEDPA's effective date and expired one year later, on April 24, 1997, unless a basis for tolling existed. See Bryant v. Arizona Atty. Gen., 499 F.3d 1056, 1058 (9th Cir. 2007); Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001); Beeler, 128 F.3d at 1287-88). The Petition was filed over 16 years later, on December 9, 2013. Thus, absent tolling, the Petition is untimely.

///

From the face of the Petition, it does not appear that petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(B). The Court notes in this regard that petitioner did not have a constitutional right to counsel for purposes of filing a Petition for Review in the California Supreme Court or a state habeas petition. See Pennsylvania v. Finley, 481 U.S. 551, 555, 107 S. Ct. 1990, 95 L. Ed. 2d 539 (1987) (holding that the right to counsel extends "to the first appeal of right, and no further"). Nor does it appear that petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(C) because none of the claims alleged in the Petition appears to be based on a federal constitutional right that was initially recognized by the United States Supreme Court subsequent to the date his conviction became final and that has been made retroactively applicable to cases on collateral review. Finally, it does not appear that petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(D) since it appears that petitioner was aware of the **factual** predicate of each of his claims as of the date he was convicted and sentenced. See Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (statute of limitations begins to run when a prisoner "knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance").

Thus, unless a basis for tolling the statute existed, petitioner's last day to file his federal habeas petition was April 24, 1997.

The Supreme Court has held that the AEDPA's one-year limitation period also is subject to equitable tolling in appropriate cases. See Holland v. Florida, - U.S. -, 130 S. Ct. 2548, 2560, 177 L. Ed. 2d 130 (2010). However, a habeas petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently; and (2) that "some extraordinary circumstance stood in his way." See Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005); see also Holland, 130 S. Ct. at 2562. Here, petitioner has not purported to make any such showing in the Petition.

Finally, petitioner raises a claim of actual innocence. The Supreme Court has recently confirmed that a federal habeas petitioner may be able to seek habeas relief on an otherwise time-barred claim if he successfully proves that he is actually innocent of the crime upon which he was convicted. (McQuiggin v. Perkins, – U.S. –, 133 S. Ct. 1924, 1928, 185 L. Ed. 2d 1019 (May 28, 2013). The Supreme Court has noted, however, that instances of "tenable actual innocence gateway pleas are rare," (McQuiggin, 133 S. Ct. at 1928) and the burden of proving such a claim is substantial. "[A] petitioner does not meet the threshold requirement unless he persuades the District Court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." (Id., citing Schlup v. Delo, 513 U.S. 298, 329, 115 S. Ct. 851, 130 L. Ed 2d 808 (1995).

The Supreme Court has held that for an actual innocence exception to apply, the petitioner must show that a constitutional violation probably has caused the conviction of one who is actually innocent of the crime. Schlup, 513 U.S. at 324; see also Lee v. Lampert, 653 F.3d 929, 937 (9th Cir. 2011) (en banc). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998); Jaramillo v. Stewart, 340 F.3d 877, 882 (9th Cir. 2003). The Supreme Court held in Schlup that, "[t]o be credible, such a claim [of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence- that was not presented at trial." Schlup, 513 U.S. at 324. Further, "the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Id. at 327. In assessing petitioner's actual innocence claim, the Court must "'assess how reasonable jurors would react to the overall, newly supplemented record,' including the evidence [petitioner] now proffers." (Lee, 653 F.3d at 945, quoting House v. Bell, 547 U.S. 518, 538, 126 S. Ct. 2064, 165 L. Ed. 2d 1 (2006).)

5

Here, petitioner asserts that "new evidence which unequivocally exonerates him from having committed the murder has been discovered." (Pet. Att. at 1.) Specifically, petitioner claims that his companion on the night of the murder, Robert Piatt, confessed to the murder for which petitioner was convicted. (Pet. Att. at 12.) Petitioner claims the confession was suppressed by law enforcement, and that petitioner "was never made aware of the exculpating evidence." (Id.) However, petitioner also attaches to the Petition several letters which indicate that he has been aware of this evidence for nearly a decade prior to filing the instant Petition (see Pet. Exhibit 2, letter from attorney Stephen M. Romero, dated June 8, 1994.) Moreover, petitioner apparently filed a petition for writ of habeas corpus in Los Angeles County in 1995, on the basis of the confession by Robert Piatt, which was denied on September 13, 1995. (See Pet. Att. at 28-29, 34.) Thus, the proffered evidence does not appear to be "new," as petitioner was aware of the factual basis for his actual innocence claim more than nine years prior to filing the instant Petition. Petitioner provides no explanation for the delay in raising his actual innocence claim, or for his apparent failure to exhaust this claim in the state courts. However, while delay in raising an actual innocence claim may ultimately bear on the credibility of the claim (see McQuiggin, 133 S. Ct. at 1935-36; Larsen v. Soto, – F.3d –, 2013 WL 6084250 *9-10), it is not apparent that such delay is disposititve at this stage of the proceedings in the instant action.

Accordingly, it is unclear at this stage of the proceedings whether petitioner may be able to access the Schlup gateway and present an otherwise untimely claim upon a showing of actual innocence. However, the Court need not reach this issue, since, as explained below, the claims in the Petition are unexhausted.

///
///
///
///

## THE EXHAUSTION ISSUE

Even if the Petition were timely, it appears that none of the claims contained therein have been exhausted. Under 28 U.S.C. § 2254(b), habeas relief may not be granted on any claim raised in federal court unless petitioner has exhausted the remedies available in the courts of the State.[4] Exhaustion requires that the prisoner's contentions be fairly presented to the state courts and be disposed of on the merits by the highest court of the state. See James v. Borg, 24 F.3d 20, 24 (9th Cir. 1994); Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979). Moreover, a claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996).

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. See Rose v. Lundy, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 179 (1982). Petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982). However, the Ninth Circuit has held that, for purposes of exhaustion, pro se petitions are held to a more lenient standard than counseled petitions. See Sanders v. Ryder, 342 F.3d 991, 999 (9th Cir. 2003); Peterson v. Lampert, 319 F.3d 1153, 1159 (9th Cir. 2003) (en banc). The Ninth Circuit also has

---

[4] The habeas statute now explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that - (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

held that a federal court may raise the failure to exhaust issue sua sponte and may summarily dismiss on that ground. See Stone v. San Francisco, 968 F.2d 850, 856 (9th Cir. 1992); Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1982) (per curiam); see also Granberry v. Greer, 481 U.S. 129, 134-35, 107 S. Ct. 1671, 95 L. Ed. 2d 119 (1987).

Here, it appears from the face of the Petition that petitioner did not exhaust his state remedies with respect to any of his grounds for relief. Petitioner did not list any California Supreme Court filings in the habeas petition form. Indeed, in response to the question on the form asking whether he filed a Petition for Review with the California Supreme Court of the Court of Appeal decision, petitioner checked off the "no" box. (See Pet. at ¶ 4.) Petitioner also checked off the "no" box in response to the question on the form asking whether he previously filed any habeas petitions in any state court with respect to his judgment of conviction. Nonetheless, as previously explained, included as an attachment to the Petition was a Los Angeles Superior Court Minute Order denying his habeas petition. (See Pet. Att. at 34.) Further, according to the California Appellate Courts website, there is no record of petitioner filing a habeas petition in the California Supreme Court.

If it were clear that the California Supreme Court would hold that petitioner's unexhausted claims directed to the 1992 conviction were procedurally barred under state law, then the exhaustion requirement would be satisfied.[5] See Castille v. Peoples, 489 U.S. 346, 351-52, 109 S. Ct. 1056, 103 L. Ed. 2d 380 (1989); Johnson,

---

[5] In that event, although the exhaustion impediment to consideration of petitioner's claims on their merits would be removed, federal habeas review of the claims would still be barred unless petitioner could demonstrate "cause" for the default and "actual prejudice" as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims would result in a "fundamental miscarriage of justice." See Coleman v. Thompson, 501 U.S. 722, 750, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991).

88 F.3d at 831; Jennison v. Goldsmith, 940 F.2d 1308, 1312 (9th Cir. 1991). However, it is not "clear" here that the California Supreme Court will hold that petitioner's unexhausted claims directed to his 1992 conviction are procedurally barred under state law. See, e.g., In re Harris, 5 Cal. 4th 813, 825, 21 Cal. Rptr. 2d 373, 855 P.2d 391 (1993) (granting habeas relief where petitioner claiming sentencing error, even though the alleged sentencing error could have been raised on direct appeal); People v. Sorensen, 111 Cal. App. 2d 404, 405, 244 P.2d 734 (1952) (noting that claims that fundamental constitutional rights have been violated may be raised by state habeas petition). The Court therefore concludes that this is not an appropriate case for invocation of either "exception" cited above to the requirement that a petitioner's federal claims must first be fairly presented to and disposed of on the merits by the state's highest court.

Further, the Court notes that this is not an appropriate case for invocation of the stay-and-abeyance procedure authorized by Rhines v. Weber, 544 U.S. 269, 277-78, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005), or the stay-and-abeyance procedure authorized by Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir. 1998) and Kelly v. Small, 315 F.3d 1063, 1070 (9th Cir. 2004), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143, 1149 (9th Cir. 2007). The Rhines procedure applies to mixed petitions, and the Kelly procedure applies to fully exhausted petitions. See King v. Ryan, 564 F.3d 1133, 1139-40 (9th Cir. 2009). The Petition herein is neither; rather, it constitutes a petition containing solely unexhausted claims. The Ninth Circuit has held in a post-Rhines decision that the stay-and-abeyance procedure does not apply to petitions containing solely unexhausted claims. See Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006). A petition containing solely unexhausted claims must be dismissed. See Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001).

///

///

IT THEREFORE IS ORDERED that, on or before **March 10, 2014**, petitioner show cause in writing, if any he has, why the Court should not recommend that this action be should not be dismissed with prejudice on the ground of untimeliness, and, in the event petitioner can successfully address the timeliness issue, why the Petition should not be dismissed without prejudice on the grounds of exhaustion.

DATED: February 10, 2014

/s/ David T. Bristow

_____
DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE